# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3584

_____

United States of America,
                        *

          Appellee,         *

v.                    *   Appeal from the United States
                         *   District Court for the Western

Ezio G. D'Angelo,       *   District of Missouri.
Also Known as Joe D'Angelo, *

         Appellant.     *

_____

Submitted:  March 12, 1999

Filed:  April 9, 1999

_____

Before McMILLIAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
     NANGLE,[1] District Judge.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Ezio D'Angelo pleaded guilty to distributing cocaine, being a felon in possession of a weapon, and tampering with a witness, in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 922(g)(1), and 18 U.S.C. § 1512(b)(3), respectively. Mr. D'Angelo says that it was only after he pleaded guilty that he learned that his

_____

[1]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

criminal history score under the federal sentencing guidelines was subject to an enhancement because he was an armed career criminal within the meaning of U.S.S.G. § 4B1.4(a). When Mr. D'Angelo moved, through new counsel, to withdraw his plea because of his mistaken belief about the guideline range that he was facing, the district court[2] denied the motion.

Mr. D'Angelo's plea agreement with the government provided that if the government determined that Mr. D'Angelo had provided substantial assistance in its investigations of the offenses with which he was charged and of other offenses, then it would make a motion for a downward departure pursuant to U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), or both. At sentencing, however, the government refused to make such a motion because it believed that Mr. D'Angelo had failed to provide substantial assistance. The district court denied Mr. D'Angelo's motion to compel the government to request a downward departure.

Mr. D'Angelo appeals from the denial of his motion to withdraw his guilty plea and the denial of his motion to compel the government to request a downward departure. We affirm.

I.

Mr. D'Angelo's dissatisfaction with the district court's ruling on his motion to withdraw his guilty plea can be shortly dealt with, for we have held many times that a defendant's reliance on erroneous legal advice from his counsel in deciding to enter a guilty plea does not provide a ground for withdrawing the plea. Mr. D'Angelo directs our attention to *Hill v. Lockhart*, 894 F.2d 1009, 1010 (8th Cir. 1990) (*en banc*), *cert. denied*, 497 U.S. 1011 (1990), and argues that it supports a right to withdraw his plea under the present circumstances. But in that case we held only that

---

[2]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

post-conviction relief was, in an appropriate case, available to a prisoner who had relied on erroneous legal advice in deciding to plead guilty.  Mr. D'Angelo may seek post-conviction relief if he wishes, but the district court in the present case committed no error in denying his motion to withdraw his plea.

## II.

When the government declined to make the departure motion that the plea agreement had conditionally provided, the district court held a hearing at which it concluded that the government was not required to make such a motion because the government had properly determined that Mr. D'Angelo had not provided it with substantial assistance.  While we have held that the government may not irrationally refuse to make such a motion, *see*, *e.g.*, *United States v. Rounsavall*, 128 F.3d 665, 667-68 (8th Cir. 1997), our reading of the record in this case makes it plain that the district court here did not clearly err in holding that the government had not acted irrationally.

Mr. D'Angelo insists that he told the government everything that he knew, but he broke off discussions when he decided that he wanted to withdraw his plea.  His protestations, moreover, focus on the wrong datum:  The question is not whether he told all that he knew; the question is whether the government could rationally conclude that the information that he provided was not substantial.  The record amply supports a conclusion that it could.

## III.

For the reasons indicated, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

3–