# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

——————————

No. 99-1310EM

——————————

United States of America,      *
     *
         Appellee,      *
     *    On Appeal from the United
     v.      *    States District Court
     *    for the Eastern District
     *    of Missouri.
Denise Due,      *
     *
         Appellant.      *

——————————

Submitted: December 15, 1999

Filed: March 2, 2000

——————————

Before RICHARD S. ARNOLD and HANSEN, Circuit Judges, and MELLOY,[1] District Judge.

——————————

RICHARD S. ARNOLD, Circuit Judge.

The defendant, Denise Due, signed a plea agreement, agreeing to cooperate and provide truthful information to the government. In exchange, the government agreed to file, if it chose to do so in its sole discretion, a substantial-assistance downward-departure motion under U.S.S.G. § 5K1.1. Ms. Due then pleaded guilty to conspiracy to launder money, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (h). The

——————————

[1]The Hon. Michael J. Melloy, United States District Judge for the Northern District of Iowa, sitting by designation.

government did not file the 5K1.1 motion. The defendant was sentenced to thirty-three months' imprisonment and three years of supervised release, a sentence that was at the low end of her guideline range. We hold that the defendant failed to make a substantial threshold showing that the government's refusal to file the 5K1.1 motion was irrational or based on bad faith, and that the government could reasonably conclude that any information she provided did not amount to substantial assistance. We therefore affirm the judgment of the District Court.[2]

I.

The defendant, Denise Due, was indicted with eleven other defendants for violations of drug and money-laundering statutes. She was charged in Count One of the indictment with conspiracy to distribute and possess methamphetamine and marijuana in violation of 21 U.S.C. § 846, and charged in Count Nine with conspiracy to launder money with her fiancé, Keith Prost, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (h). The defendant entered into a plea agreement with the government, pursuant to the terms outlined in a Stipulation of Facts Relative to Sentencing. This agreement provided, in relevant part:

(b)     The defendant must provide absolutely truthful information to and complete cooperation with law enforcement agencies regarding the distribution of illegal narcotics and related illegal activities.

(c)     . . . If she knowingly provides untruthful information or she knowingly withholds the full truth during any debriefing, the government will not be bound by any of the concessions described in this document. . . .

---

[2]The Hon. E. Richard Webber, United States District Judge for the Eastern District of Missouri.

(d)   . . . The government reserves the right to make the sole determination as to whether defendant has provided "substantial assistance." . . ..

(e)   It is understood between the parties that if the defendant does not comply with the conditions set forth herein, this agreement is null and void, and prosecution may proceed on the original indictment and any other charges to which the defendant is subject . . ..

The agreement also called for the dismissal of Count One.  After entering into the agreement, the defendant pleaded guilty to Count Nine, admitting that she knowingly and willfully conspired with others to deposit illegal drug proceeds into a checking account for A-1 Quality Radiator Shop.

The government scheduled a debriefing of the defendant two days before her sentencing date.  At this debriefing, the defendant denied knowledge of her fiancé's (a co-defendant) drug-trafficking activity, denied ever using methamphetamine, and denied ever seeing methamphetamine in her and her fiancé's house.  The Assistant U.S. attorney told the defendant's attorney that the defendant was not telling the truth, and that he probably would not file the 5K1.1 motion.  When the interview resumed, the defendant was asked whether money she entered into business accounts with false receipts was from drug-trafficking activity.  She replied, "not specifically."  The government then ended the questioning.

At sentencing, the government did not file the 5K1.1 motion.  The defendant asked the Court to compel the filing of the 5K1.1 motion.  She argued that the government's refusal to file the motion was a breach of the plea agreement.  It was her contention that she cooperated by providing truthful information, which was all that was required of her under the agreement.  She also explained that her statement "not specifically" was not untruthful, because it was not "a categorical denial." Tr. 14.  The Court, questioning such reasoning, responded:

Then why are we even here?  You know, she's real close, if we proceed, to losing her three points [sic] [for acceptance of responsibility] if we proceed . . . because if you're telling me, standing here with a straight face and telling me that she's depositing money from band proceeds, why in the world did she plead guilty to laundering money?"  Tr. 14.

The Court pointed to the "plain language of the agreement," which states in paragraph (d) that "[t]he government reserves the right to make the sole determination as to whether defendant has provided substantial assistance."  Tr. 15-16.  The Court concluded, "I have looked at this agreement and I do not see where it says if she's truthful, they will file that agreement.  It just doesn't say that."  T. 23.

The District Court did not respond to the defendant's request for an evidentiary hearing, but allowed counsel for the United States to reply.  He argued that the defendant was obviously untruthful in the debriefing.  He stated that the defendant's answers were directly in opposition to evidence that caused eleven of the thirteen defendants to plead guilty, inconsistent with information received from cooperating defendants about Ms. Due's activities, and an attempt to deny an element of the offense to which she had pleaded guilty.  Tr. 26.

The Court permitted the government to go forward with testimony from the DEA agent who debriefed the defendant.  The agent testified, over the defendant's hearsay objection, that the defendant's answers during the debriefing contradicted information furnished by co-defendants about her involvement and her drug activities.  The agent testified that he made rough notes of these interviews.  When the defendant's attorney requested the production of the notes as Jencks Act materials, the Court denied the request, stating, "This isn't a Jencks case . . ..  We're at a sentencing, not at pretrial.  Overruled."  Tr. 40.  During the defendant's cross-examination of the agent, the Court concluded:

You know, we are on a point here. The issue in this case is whether or not the government was required to file a 5K1.1 motion. I clearly think they were not and I've allowed you all this time. Please conclude it as soon as possible. Tr. 54-55.

After the agent's testimony, the Court dismissed Count One and sentenced the defendant to thirty-three months' imprisonment and three years' supervised release.

II.

The defendant argues that the District Court erred when conducting the sentencing hearing.[3] We agree that the District Court's statement that Jencks Act materials are not to be considered at sentencing was incorrect. See Fed. R. Crim. P. 26.2(g)(1) and 32(c)(2). However, we have no need to decide if the rough notes of the agent were required to be divulged, because we find no prejudicial error in the Court's decision to deny the motion for their production. We have examined the notes in camera, and it is our opinion that they would not have materially aided Ms. Due's attack on the testifying agent's credibility. We find no merit in the defendant's related arguments about the District Court's conduct of the hearing. Hearsay is admissible at sentencing, if the Court finds it reliable, and the Confrontation Clause does not apply. The District Court found the case agent credible. Such a finding is close to invulnerable on appeal.

---

[3]The defendant specifically contends: (1) the Court refused to direct the government case agent to produce Jencks Act statements, which were rough notes taken during debriefings of some cooperating defendants; (2) the Court permitted hearsay statements at the sentencing hearing; (3) the Court refused to let her further question the DEA agent subsequent to the hearing; and (4) her due-process and confrontation rights were violated.

Second, the defendant challenges the government's refusal to file the 5K1.1 motion, which she alleges was irrational and in bad faith. The defendant maintains, among other things, that the government broke the plea agreement and acted in bad faith and irrationally when it (1) said she was not truthful after it knew she had limited knowledge and such knowledge was related to co-defendants who had already disposed of their cases; (2) failed to debrief her until two days before sentencing; (3) abruptly ended her debriefing before she could clarify her answer "not specifically"; and (4) then refused to file the 5K1.1 motion.

The government's decision not to make the 5K1.1 motion is reviewable only if the defendant makes a "substantial threshold showing" of improper motive. United States v. Barrett, 173 F.3d 682, 684 (8th Cir. 1999). The defendant has made no such showing, but merely disagrees with the government's appraisal of her truthfulness. The government's belief that she was untruthful was rational, and its refusal to file the 5K1.1 motion was not made in bad faith. It was not irrational for the government to view the defendant's answer "not specifically" as a denial of a previous admission of an element of the offense to which she had pleaded guilty. This circumstance provided on its own a sufficient ground for the government, under the plea agreement and facts of this case, to make a good-faith refusal to file the 5K1.1 motion. The defendant was not forthcoming at the debriefing.

Additionally, the government could reasonably conclude that any information the defendant provided did not amount to substantial assistance, which was required under the plea agreement and for the filing of a 5K1.1 motion. We review the District Court's interpretation of a plea agreement de novo. United States v. Wilkerson, 179 F.3d 1083, 1085 (8th Cir. 1999). Section 5K1.1 provides, in relevant part:

> Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

Providing "truthful information" and providing "substantial assistance" are not necessarily interchangeable. The defendant gave the government, in paragraph (d) of the agreement, the sole right to determine whether or not the information she provided was truthful information that amounted to "substantial assistance." The question is not merely whether the defendant told all that she knew, and that such information was truthful; "the question is whether the government could rationally conclude that the information that [she] provided was not substantial." United States v. D'Angelo, 172 F.3d 1046, 1048 (8th Cir. 1999). We hold that it could. Accordingly, the District Court did not err in denying the motion to compel the government to file a motion.

III.

For the reasons stated above, we affirm the decision of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.