# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1641

_____

United States of America,          *
                                   *
            Appellee,              *
                                   *
      v.                           *    Appeal from the United States
                                   *    District Court for the
Wilbur L. Jackson, also known as   *    District of Nebraska
The Blue Falcon,                   *
                                   *         [UNPUBLISHED]
            Appellant.             *

_____

Submitted:  February 19, 2001

Filed:  February 23, 2001

_____

Before McMILLIAN, RICHARD S. ARNOLD, and FAGG, Circuit Judges.

_____

PER CURIAM.

Wilbur L. Jackson appeals from the final judgment entered in the District Court[1] for the District of Nebraska upon his guilty plea to possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced appellant to 135 months imprisonment and 5 years supervised release. For reversal, appellant argues that the district court erred in applying an enhancement for possessing

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

a firearm in connection with the offense and in denying appellant's motion to compel the government to file a motion for downward departure for substantial assistance. For the reasons discussed below, we affirm.

The essence of Jackson's challenge to the firearm enhancement is that someone else admitted owning the gun. This is not dispositive, however, because Jackson did not contest his dominion over the apartment where the gun and drugs were located. See United States v. Belitz, 141 F.3d 815, 818 (8th Cir. 1998) (third party's ownership of gun is not dispositive if defendant had constructive possession); United States v. McCracken, 110 F.3d 535, 541 (8th Cir. 1997) (firearm enhancement may be based on constructive possession, which includes dominion or control over premises where item is located). The district court could infer, from the presence of the loaded gun in the apartment with the drugs, that they were related. See Belitz, 141 F.3d at 817-18 (court could conclude readily accessible gun enhanced defendant's comfort level while drugs were in home); United States v. Regans, 125 F.3d 685, 686 (8th Cir. 1997) (firearm's physical proximity to narcotics may provide sufficient nexus), cert. denied, 523 U.S. 1065 (1998). The existence of ammunition in Jackson's bedroom, moreover, strengthened the inference that he was involved with the gun. The district court did not clearly err in applying the firearm enhancement. See Brown v. United States, 169 F.3d 531, 532 (8th Cir. 1999) (standard of review).

Nor did the district court err in denying Jackson's motion to compel because he failed to show that the government's refusal to file a motion for downward departure was in bad faith, irrational, or based on an unconstitutional motive. See Wade v. United States, 504 U.S. 181, 186 (1992) (mere showing that defendant provided substantial assistance, whether standing alone or coupled with generalized allegations of government's improper motive, is insufficient). Regardless of how "good" or "accurate" Jackson's information was, the plea agreement vested the government with the sole discretion to evaluate whether it constituted substantial assistance. The government rationally concluded that it did not because, as three police officers

testified at an evidentiary hearing on this matter, Jackson's information was not helpful in locating or prosecuting any other criminals.  See United States v. Due, 205 F.3d 1030, 1034 (8th Cir. 2000) ("Providing 'truthful information' and providing 'substantial assistance' are not necessarily interchangeable.  The defendant gave the government, in . . . the [plea] agreement, the sole right to determine whether or not the information she provided was truthful information that amounted to 'substantial assistance.'"); United States v. Barresse, 115 F.3d 610, 612 (8th Cir. 1997) (only unambiguous, unconditional plea-agreement promises to file downward-departure motions are binding on government).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.