# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-1265

_____

United States of America,               *
                                         *
              Plaintiff - Appellee,      *
                                         *   Appeal from the United States
       v.                                *   District Court for the
                                         *   Eastern District of Missouri.
Taras Wallace,                           *
                                         *          [PUBLISHED]
              Defendant - Appellant.     *

_____

Submitted: December 14, 2004
Filed: May 23, 2005

_____

Before MELLOY, BRIGHT, and BENTON, Circuit Judges.

_____

PER CURIAM.

The government charged Taras Wallace with being a convicted felon in possession of a firearm. Wallace pled guilty pursuant to a plea agreement. Wallace objected to the presentence investigation report's recommendation of a four-level increase for using or possessing a firearm in connection with another felony offense. At sentencing, the district court[1] overruled Wallace's objections regarding the government's use of out-of-court statements made by Antionette Jordan, finding the statements reliable. The district court applied the four-level increase and sentenced

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

Wallace to 110 months imprisonment. Wallace appeals and argues the district court erred in using hearsay evidence in accessing an upward adjustment, violated his right of confrontation in using the hearsay evidence to enhance his offense level, and committed plain error in sentencing him in violation of United States v. Booker, 125 S. Ct. 738 (2005). We affirm.

## I.    Background

The government charged Wallace with being a convicted felon in possession of a firearm. Wallace pled guilty pursuant to a plea agreement. The presentence investigation report recommended a four-level increase because Wallace possessed or used the firearm in connection with another felony offense. Wallace objected to the presentence investigation report's recommendation of the four-level increase.

At sentencing, Officer Michael Stewart testified that Antionette Jordan told him that Wallace choked her and struck her in the back of the head with a firearm. The government presented a copy of Jordan's written statement that she prepared in the presence of Detective James Lisziewski of the Domestic Abuse Response Team. Jordan's written statement noted that Wallace hit her in the back of the head with a gun. The government also played Jordan's 911 call for the district court. Jordan did not attend sentencing.

The district court overruled Wallace's objections and found the out-of-court statements Jordan made were reliable and Wallace used or possessed the firearm in connection with a felony assault. The district court added the four-level increase finding Wallace used or possessed a firearm in connection with a felony offense. The district court granted Wallace a three-level reduction for acceptance of responsibility. The district court then sentenced Wallace to a 110-month term of imprisonment. Wallace appeals.

## II.    Discussion

Wallace argues the district court erred in using hearsay evidence in sentencing him and accessing the four-level increase. As a "general proposition, a sentencing judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." Nichols v. United States, 511 U.S. 738, 747 (1994) (quotations omitted). The commentary in the Sentencing Guidelines expressly allows reliable hearsay evidence at sentencing, and courts have concluded hearsay is admissible in sentencing as long as it bears some indicia of reliability. United States v. Shevi, 345 F.3d 675, 679 (8th Cir. 2003) (reliable hearsay evidence may be considered at sentencing), cert. denied, 124 S. Ct. 1182 (2004).

Here, the district court heard the following hearsay evidence at sentencing: Jordan's 911 call, Jordan's victim statement form, and Jordan's sworn grand jury testimony. In all of these statements Jordan asserted Wallace had hit her in the head with a firearm. In addition to the above evidence, the government presented Officer Stewart's testimony (regarding Jordan's statement that Wallace hit her on the head with a firearm) and a photograph of Jordan showing marks around her neck. We affirm, because all of this evidence has an indicia of reliability. See United States v. Williams, 10 F.3d 910, 914 (1st Cir. 1993) (grand jury testimony is often considered reliable hearsay evidence in light of the fact that it is testimony given under oath, under penalty of perjury); United States v. Corbin, 998 F.2d 1377, 1386-87 (7th Cir. 1993) (stating the statements are made more reliable when a person who testified had the opportunity to personally observe the witness who made the out-of-court statement); United States v. Farnsworth, 92 F.3d 1001, 1010 (10th Cir.) (holding a declarant's out-of-court statements bear an indicia of reliability when a police officer interviewed the declarant immediately after the altercation and the officer had the opportunity to form an opinion as to the veracity of the statements), cert. denied, 519 U.S. 1034 (1996).

Wallace next argues the district court violated his right of confrontation by using out-of-court statements to enhance his offense level. This court has determined that the confrontation clause does not apply in sentencing proceedings. See United States v. Due, 205 F.3d 1030, 1033 (8th Cir. 2000). As long as the out-of-court information relative to the circumstances of the crime bears an indicia of reliability, then the sentencing court can consider it without providing the defendant with a right to confrontation. United States v. Atkins, 250 F.3d 1203, 1212-13 (8th Cir. 2001) (noting that the sentencing court has wide discretion as to the kind of information considered or its source). As noted above, the information the district court relied on has an indicia of reliability. No error is shown on this issue.

Finally, Wallace argues the district court violated Booker in enhancing his offense level by finding he used or possessed the firearm in connection with a felony assault. Wallace objected to the facts underlying the Booker issue (that the district court relied on unreliable, hearsay evidence in finding he used a weapon in the commission of another offense). Wallace's objection did not preserve the Booker error, because he did not couple his objection with a specific reference to Apprendi, Blakely, or the Sixth Amendment; therefore, our review of Wallace's Booker issue is for plain error. See United States v. Pirani, No. 03-2871, 2005 WL 1039976 at *4 (8th Cir. Apr. 29, 2005) (noting that a defendant must couple an objection with a specific reference to Apprendi, Blakely, or the Sixth Amendment in order to preserve the Booker error).

To meet the plain error test, Wallace must show (1) error, (2) that is plain, (3) that affects substantial rights. United States v. Olano, 507 U.S. 725, 732-36 (1993). If all three conditions are met, we may exercise our discretion to notice a forfeited error only if the error also seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

As <u>Pirani</u> noted, it "is undisputed that the first two <u>Olano</u> factors are satisfied here. The district court (understandably) committed <u>Booker</u> error by applying the Guidelines as mandatory, and the error is plain, that is, clear or obvious, at this time." <u>Pirani</u>, 2005 WL 1039976 at *4. In order for Wallace to show the error affected his substantial rights, he "must show a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." <u>Id.</u> at *6.

We have carefully reviewed the appellate record and determine that Wallace cannot show the error affected his substantial rights as he cannot show a reasonable probability he would have received a more favorable sentence. We affirm.

## III.   Conclusion

Affirmed.

BRIGHT, Circuit Judge, concurring.

I concur. I write separately because I believe it important to observe that, as the <u>Pirani</u> opinion indicates, other courts disagree about the interpretation and application of the plain error rule to the Sixth Amendment violation under <u>Booker</u>. As a panel of the Eighth Circuit, we are bound by the <u>Pirani</u> interpretation and construction of plain error for the Sixth Amendment violation under <u>Booker</u> until the Supreme Court might rule otherwise.

_____