# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1245
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Arthur Sanchez, | * | |
| | * | |
| Appellant. | * | |

_____

No. 05-1345
_____

United States of America,       *

Appellee,    *

v.    *

Carlos Villa, also known as Santiago  *
German Sanchez,  *

Appellant.  *

Appeals from the United States
District Court for the District of
Minnesota

[PUBLISHED]

_____

Submitted: September 13, 2005
Filed: November 16, 2005

_____

Before ARNOLD, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Carlos Villa appeals, challenging the reasonableness of his 155-month sentence for conspiring to distribute more than 500 grams of a methamphetamine mixture, *see* 21 U.S.C. §§ 841 (b)(1)(A), 846. His co-defendant, Arthur Sanchez, appeals his conviction for the same crime and for aiding and abetting another in possessing more than 500 grams of a methamphetamine mixture with the intent to distribute it, *see* 18 U.S.C. § 2; 21 U.S.C. § 841 (a)(1), (b)(1)(A). He maintains that he was deprived of his due process right to a fair trial and to compulsory process. We affirm the judgments of the district court[1] in all respects.

I.

Mr. Villa pleaded guilty to the conspiracy count and testified in Mr. Sanchez's trial pursuant to a plea agreement. Another participant in the operation, Hilario Rodriguez, also pleaded guilty and cooperated with the government. Shortly after the Supreme Court ruled that the United States Sentencing Guidelines are advisory only, *see United States v. Booker*, 125 S. Ct. 738, 764-65 (2005), the district court sentenced Mr. Villa to 155 months in prison. Mr. Villa contends that his sentence is unreasonable, given proper consideration of the relevant matters and compared with Mr. Rodriguez's 70-month sentence.

We review the reasonableness of a sentence for an abuse of discretion. *See United States v. Dalton*, 404 F.3d 1029, 1032 (8th Cir. 2005). A sentence is reasonable and not an abuse of discretion if the sentencing court considers the matters

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

contained in 18 U.S.C. §3553(a), does not consider inappropriate matters, and makes no clear error of judgment. *See United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 276 (2005). The record reflects that the district judge weighed the sentencing guidelines range (235-293 months), the assistance that Mr. Villa provided to the government, *see* U.S.S.G. 5K1.1, the degree to which courts in the district generally reduced a sentence for substantial assistance, Mr. Villa's role in the conspiracy, and other matters set out in §3553(a). The record provides no basis for concluding that the district judge abused his discretion in sentencing Mr. Villa to 155 months, which is about one-third less than the low end of the guidelines range. In this case, the fact that Mr. Rodriguez received a lesser sentence is wholly irrelevant to the question of whether Mr. Villa's sentence was unreasonable.

## II.

Mr. Sanchez's challenge to the government's conduct with respect to its confidential informant is similarly infirm. Although Mr. Sanchez believed that Margaret Romero, who had previously rented a room in the house in which he was living, was the "confidential informant" relied on in an affidavit of a Drug Enforcement Administration special agent to support a search warrant request, the government did not confirm his suspicion until the Wednesday before trial. Mr. Sanchez argues that because the government refused "timely to produce" Ms. Romero, he was unable to subpoena her for trial and was thereby denied his right to a fair trial and to compulsory process. *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957).

The government initially resisted Mr. Sanchez's motion to disclose or produce the informant but agreed after a hearing to make her available the week before trial. Eight days before trial, the government announced that it would not produce her after

all because, *inter alia*, it had decided not to call her as a witness. A magistrate judge[2] then ordered the government to "disclose [the informant's] name and address to defendant Sanchez or, in the alternative, produce the informant for interview" no later than one week before trial because she was "an active participant in and witness to the events underlying the offenses charged." The judge added in a footnote that the government should produce the informant for Mr. Sanchez "in lieu of" providing her address if it was aware that Mr. Sanchez "may encounter difficulty" in locating her. Six days before trial, the government identified the informant as Ms. Romero and provided her last known address, but neither defense counsel nor the United States Marshals could find her. Although Ms. Romero did not testify at trial, the district court granted Mr. Sanchez's counsel's request to present to the jury (through cross-examination of the DEA agent) hearsay statements of Ms. Romero that appeared in the agent's affidavit. In these statements, which Mr. Sanchez's counsel described as being in "his [client's] favor," Ms. Romero inculpated herself in the drug conspiracy without mentioning Mr. Sanchez.

Under *Roviaro*, 353 U.S. at 60-61, the government has an obligation to disclose the identity of a confidential informant "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." We have elaborated on the circumstances in which this duty applies, holding that if the informant is an active participant in the conduct charged, the informant's identity is "almost always" material and thus the government must "make every reasonable effort to have the informant made available to the defendant." *United States v. Barnes*, 486 F.2d 776, 779-80 (8th Cir. 1973); *cf. Roviaro*, 353 U.S. at 65 n.15. "[S]pecial problems associated with locating and protecting informants" may sometimes require the government to produce an informant, even if the defendant

---

[2]The Honorable Jaynie S. Mayerson, United States Magistrate Judge for the District of Minnesota.

already knows the informant's identity, *see United States v. Padilla*, 869 F.2d 372, 376-77 (8th Cir. 1989), *cert. denied*, 492 U.S. 99 (1989).

Here, however, the government provided the name and last known address of the informant to Mr. Sanchez, and counsel for the government stated during trial that the government's attempts to find her had been unsuccessful. The defendant did not seek a hearing to determine whether the government had made "reasonable effort[s]" to locate Ms. Romero, *see Barnes*, 486 F.3d at 780, or otherwise complied with its *Roviaro* duty. Mr. Sanchez asserts that he objected at trial to the government's conduct, but that those objections were not recorded. He nonetheless has not asked for the record to be supplemented under Fed. R. App. P. 10(e).

Absent a record preserving the *Roviaro* issue, we apply the plain error standard. Fed. R. Crim. P. 52(b); *cf. United States v. Bullard*, 37 F.3d 765, 767 (1st Cir. 1994), *cert. denied*, 514 U.S. 1089 (1995). Because it is not obvious on this record that the government violated any duty that it may have had under *Roviaro*, we are obligated to affirm the conviction.

Mr. Sanchez's other assignments of error are without merit.

For the reasons stated, we affirm the judgments.

_____