# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4458

_____

United States of America,        *
                           *

         Appellee,        *

                           *   Appeal from the United States

      v.                *   District court for the District of

                           *   Minnesota.

Jesus Jimenez Valencia, also     *

known as "Chuy," also known as   *       [UNPUBLISHED]

Jesus Jimenez-Valencia,       *

                           *

        Appellant.      *

_____

Submitted: June 14, 2006
Filed: June 27, 2006

_____

Before LOKEN, Chief Judge, BEAM, and ARNOLD, Circuit Judges.

_____

PER CURIAM.

Jesus Jimenez Valencia pled guilty to conspiracy to distribute and to possess with intent to distribute in excess of 500 grams of methamphetamine mixture. The district court[1] applied an enhancement for aggravated role in the offense, denied safety-valve relief, and sentenced Valencia to 180 months' imprisonment. Valencia appeals the application of the enhancement, the denial of safety-valve relief, and the district court's decision not to depart from the guidelines range. We affirm.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

## I.    BACKGROUND

Valencia pled guilty to conspiracy to distribute and to possess with intent to distribute in excess of 500 grams of methamphetamine mixture and stipulated to a base offense level of thirty-six. The government reserved the right to seek a two-level section 3B1.1(c) enhancement for Valencia's aggravated role in the offense. Valencia reserved the right to argue for a two-level "safety-valve relief" reduction from the mandatory minimum sentence under sections 2D1.1(b)(7) and 5C1.2.

In an investigation of drugs coming into St. Cloud, Minnesota, several of Valencia's co-defendants were arrested and four pounds of methamphetamine seized. As part of the same investigation, an undercover agent arranged a three-pound methamphetamine sale with Valencia, in Spanish, by telephone. The agent was to pay for two pounds, and Valencia agreed to finance the third pound. During conversations with the undercover agent, Valencia claimed ownership of the four pounds of methamphetamine previously seized.

Valencia arranged for Rojas Marmolejo to drive the methamphetamine from Washington to Minnesota, but told the undercover agent to pay Valencia directly. Valencia told the undercover agent that the courier would be light-skinned. Marmolejo drove a Monte Carlo to Minnesota. Valencia drove from Washington to Oregon, then flew from Oregon to Minnesota and picked up the Mazda he was driving when arrested. Marmolejo and Valencia were discussing Marmolejo's fee when they were arrested. Police recovered two pounds of methamphetamine from the Monte Carlo and one-half pound of methamphetamine and one pound of cocaine from the Mazda. Marmolejo was unaware of the presence of some of the drugs, which Valencia took out of the inner liner of a cooler.

At the sentencing hearing, Drug Enforcement Agency (DEA) Special Agent Howe testified in support of the enhancement. Prior to sentencing, Special Agent

Howe reviewed the undercover agent's notes and spoke to the undercover agent. However, the undercover agent did not testify at the sentencing hearing.

The district court determined Valencia played a leadership role and applied a two-level increase for his aggravated role in the offense. The district court also found that the leadership role disqualified Valencia from safety-valve relief. The district court further found that Valencia was not truthful in his proffer, but did not take this into account in fashioning Valencia's sentence. On appeal, Valencia challenges the factual findings, the two-level increase for his role in the conspiracy, the denial of safety-valve relief, and the decision not to depart downward from the guidelines.

## II. DISCUSSION

Valencia challenges the admission of Special Agent Howe's testimony as inadmissible hearsay. Hearsay is admissible at sentencing, so long as it is reliable. United States v. Due, 205 F.3d 1030, 1033 (8th Cir. 2000). The admission of hearsay at sentencing does not violate a defendant's confrontation rights. United States v. Brown, 430 F.3d 942, 943-44 (8th Cir. 2005). The district court found Special Agent Howe credible, a determination virtually unassailable on appeal. Due, 205 F.3d at 1033. This testimony was properly admitted.

Valencia's remaining challenges are factual. Factual findings under the guidelines are made by a preponderance of the evidence, United States v. Garcia-Gonon, 433 F.3d 587, 593 (8th Cir. 2006), and we review for clear error. United States v. Placensia, 352 F.3d 1157, 1165 (8th Cir. 2003). A section 3B1.1(c) enhancement for a managerial role in a conspiracy requires that the government prove the defendant was an organizer in a broad sense, which could include recruiting co-conspirators and directing their activities. Id. at 1166. Valencia recruited Marmolejo as a driver, determined the destination of the drugs, directed that he receive the payment rather than Marmolejo, distanced himself from the drugs, and was able to

extend credit for one-third of the transaction. The district court did not clearly err in its finding that Valencia played an organizational role in the conspiracy.

Valencia also argues that he qualified for safety-valve relief. The defendant has the burden of affirmatively proving that he is entitled to safety-valve relief, and we review for clear error. United States v. Alvarado-Rivera, 412 F.3d 942, 947 (8th Cir. 2005) (en banc), cert. denied, 126 S. Ct. 1096 (2006). Safety-valve relief requires that a defendant not be an organizer, leader, manager or supervisor in a conspiracy. U.S.S.G. § 5C1.2(4). The district court did not err in finding that Valencia played an organizational role, and the failure to satisfy this criterion precludes safety-valve relief.

In addition, the district court did find that Valencia did not truthfully provide all information and evidence regarding the offense, another criterion for safety-valve relief. U.S.S.G. § 5C1.2(5). The district court found that Valencia had recruited Marmolejo. However, Valencia testified that he was not involved in recruiting a driver and that he did not know who the driver would be. The district court did not clearly err in finding that Valencia did not give a full and truthful proffer.

Finally, Valencia argues that the district court should have sentenced him below the guidelines range. We review the sentence imposed for reasonableness, and a sentence within the guidelines range is presumed reasonable. United States v. Davidson, 437 F.3d 737, 741 (8th Cir. 2006). Valencia's sentence is within the guidelines and he has not rebutted the presumption of reasonableness.

## III. CONCLUSION

We affirm.

_____