# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1285

_____

United States of America,        *
                                     *

        Appellant,        *

                                     *     Appeal from the United States

    v.                            *     District Court for the

                                     *     Western District of Arkansas

Todd Manuel Griffin,        *

                                     *         [UNPUBLISHED]

        Appellee.        *

_____

Submitted: September 26, 2006
Filed: October 24, 2006

_____

Before ARNOLD, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Todd Griffin pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 and the district court[1] sentenced him to 30 months' imprisonment. Mr. Griffin appeals and we affirm.

Mr. Griffin admitted to committing wire fraud by forging a signature on a contract to purchase realty and faxing the signature page from Louisiana to an attorney in Arkansas; the forged document induced three clients of the attorney to invest

---

[1] The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

substantial sums of money to buy the land to resell it to the person whose signature had been forged. As part of his plea agreement, Mr. Griffin agreed to pay restitution to the three investors and another party whom Mr. Griffin had defrauded. The district court decided that only losses to these four victims would count for restitution purposes, thus deviating from the presentence report that had recommended the inclusion of losses to several other people whom Mr. Griffin had allegedly bilked in other, similar schemes. The court also decided to use the losses of only those four persons to calculate the sentencing guideline range.

The court then concluded that the appropriate guideline range for sentencing Mr. Griffin was 30 to 37 months and sentenced him to the low end of that range. On appeal, Mr. Griffin maintains that his sentence was unreasonable. We review the reasonableness of a sentence for an abuse of discretion. *United States v. Sanchez*, 429 F.3d 753, 755 (8th Cir. 2005) (per curiam). "A sentence is reasonable and not an abuse of discretion if the sentencing court considers the matters contained in 18 U.S.C. § 3553(a), does not consider inappropriate matters, and makes no clear error of judgment." *Id.*

Mr. Griffin contends that the district court erred by considering information about victims other than the four previously mentioned when deciding whether to impose a sentence below the guideline range, because the court had already agreed not to use that information when determining the guideline range itself or the amount of restitution. While the court chose not to use a number of victim impact statements for loss calculation under the guidelines, it explained that it would not use those allegations for purposes "other than the fact of prior conduct." It is familiar law that a district court may consider prior similar conduct that does not result in a conviction when sentencing a defendant. Indeed, § 3553(a)(1) specifically directs the district court to consider "the history ... of the defendant" before imposing a particular sentence. *Cf. United States v. Bistrup*, 449 F.3d 873, 883 (8th Cir. 2006).

Accordingly, the district court did not err when it took Mr. Griffin's prior conduct into account in choosing whether to sentence him below the advisory guideline range.

Mr. Griffin also argues that under § 3553(a)(1), the only "history" of the defendant that a district court can consider for sentencing purposes are facts that the defendant admits or that a jury or court sitting as a factfinder has determined to be true. But here the district court in fact found that Mr. Griffin had engaged in other criminal conduct. Perhaps Mr. Griffin means to imply that the victim impact statements were inadmissible at the sentencing hearing because they were hearsay. But we have consistently held that reliable hearsay can serve as evidence for sentencing purposes. *See e.g., United States v. Wallace*, 408 F.3d 1046, 1048 (8th Cir. 2005)(per curiam), *cert. denied*, 126 S. Ct. 816 (2005); *United States v. Shevi*, 345 F.3d 675, 679 (8th Cir. 2003), *cert. denied*, 540 U.S. 1166 (2004). It is appropriate to consider that type of evidence "because the sentencing process requires the fullest information possible concerning the defendant's life and characteristics." *United States v. Manuel*, 912 F.2d 204, 207 (8th Cir. 1990) (citations omitted). We note, moreover, that Mr. Griffin gave a statement at the sentencing hearing in which he mentioned by name some people (other than the four victims referred to earlier) who had prepared victim impact statements, and he apologized to them for his conduct.

Affirmed.

_____