# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2329

_____

United States of America,

        Appellee,

v.

Gerardo G. Salinas,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Southern
\*  District of Iowa.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: December 20, 2010
Filed: December 23, 2010

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Gerardo Salinas appeals the sentence the district court[1] imposed after he pleaded guilty to conspiracy to distribute a mixture or substance containing methamphetamine. Counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is unreasonable because the court gave undue weight to Salinas's prior convictions. In a supplemental pro se brief, Salinas challenges the presentence report's (PSR's) calculation of his criminal history score and the description of his prior felony convictions; argues that he does not deserve career-

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

offender status; and asserts that the court stenographer inaccurately transcribed his allocution testimony. For the following reasons, we affirm.

First, we conclude that Salinas forfeited any challenge to the PSR's recitation of the facts and its recommendations as to his career-offender status and criminal history score. Salinas resolved his objections to the PSR upon reaching an agreement with the government, and he advised the district court that the PSR, as amended to reflect his agreement with the government, accurately stated the facts and correctly calculated his Guidelines range. See United States v. Olano, 507 U.S. 725, 733-34 (1993). In any event, exercising our discretion to review for plain error, see United States v. Wallace, 408 F.3d 1046, 1048-49 (8th Cir. 2005) (per curiam), we find none. Second, Salinas does not explain how his allegedly inaccurately transcribed allocution testimony is a basis to challenge his sentence in this direct criminal appeal. And third, the district court's sentence is not unreasonable. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standard of review; describing factors that demonstrate procedural error).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we affirm the district court's judgment.

_____