# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2629

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Arthur Robert Neal, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 15, 2010
Filed: February 9, 2011

_____

Before SMITH, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

In July 2009, a grand jury charged Arthur Neal in a two-count indictment with, generally stated, the production of child pornography, and possession of child pornography, in violation of 18 U.S.C. § 2251(a) and (e), and § 2252A(a)(5)(B) and (b)(2), respectively. Neal pleaded guilty to the production charge and the court[1] dismissed the possession charge on the government's motion.

---

[1]The Honorable Linda R. Reade, Chief United States District Judge for the Northern District of Iowa.

In support of Neal's guilty plea, he stipulated that in approximately 2008 he induced a thirteen-year-old female to engage in sexually explicit conduct for the purpose of producing visual depictions of the same. Neal knew the thirteen-year-old victim because he occasionally supervised her. The photographs at issue in the instant case were discovered by Neal's former roommate in April 2009 in the trailer that the two had shared. In December 2008, the victim disclosed to her school nurse that she had been sexually abused by Neal. Following this disclosure, the local Child Protection Center conducted a videotaped interview with the victim where she repeated the accusation.

At sentencing, Neal objected to the court's admission and consideration of the videotaped recording of the victim's allegations of abuse, arguing that the video was not reliable evidence and that the minor victim should testify. The district court admitted the out-of-court statement after conducting a thorough review on the record regarding the reliability of the video in light of what the court viewed as corroborating evidence in the case. On appeal, Neal claims the district court abused its discretion in finding that the hearsay statement of the minor victim was sufficiently reliable for consideration at sentencing. He claims that the absence of a courtroom confrontation leaves ample room for mistaken decision-making on these facts.

We review the decision to admit the victim's hearsay statement for sentencing purposes for abuse of discretion, recognizing that the right of confrontation does not apply in sentencing proceedings. United States v. Bastian, 603 F.3d 460, 466-67 (8th Cir. 2010); United States v. Brown, 430 F.3d 942, 944 (8th Cir. 2005); United States v. Wallace, 408 F.3d 1046, 1048 (8th Cir. 2005). Hearsay is admissible in sentencing proceedings so long as it bears some indicia of reliability. United States v. Schlosser, 558 F.3d 736, 740 (8th Cir. 2009). Here, the district court was thorough and concise in its colloquy articulating the indicium of reliability as to the video interview. On this record we find no abuse of discretion. Accordingly, we affirm.

_____