# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4262

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Eastern District of Arkansas.
James Tindall,　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　　 *

_____

Submitted: April 20, 2006
Filed: July 31, 2006

_____

Before ARNOLD, COLLOTON, Circuit Judges, and BOGUE,[1] District Judge.

_____

COLLOTON, Circuit Judge.

Following a jury trial, James Tindall was convicted of one count of unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court[2] sentenced him to 100 months' imprisonment. Tindall appeals, and we affirm.

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

I.

Around 4:00 a.m. on May 18, 2003, Tindall, a previously convicted felon, was driving past a strip of night clubs in Little Rock, Arkansas. He was intoxicated, and when he swerved to avoid hitting a car, he hit a pedestrian. Tindall then drove away from the scene, and three bystanders who had witnessed the accident pursued him in their own vehicles. When Tindall stopped at a traffic light, they blocked his car with their vehicles. As Tindall exited his car, these bystanders – fortuitously carrying hardware for the task – handcuffed him.

Officer Maurice Sanders, a patrol officer with the Little Rock Police Department, was transporting a prisoner to jail when he observed Tindall and the individuals performing the "citizen's arrest." Upon learning of the hit-and-run, Officer Sanders placed Tindall in one of the bystanders' vehicles and instructed another bystander, Chris Freeman, to drive Tindall's Toyota sedan back to the scene of the accident. Freeman parked the car on the side of the road and stood outside it in the parking lot. Two other patrol officers arrived on the scene and one of them, Officer James Jenkins of the Little Rock Police Department, conducted an inventory search of Tindall's car and found a loaded Smith & Wesson .38 caliber revolver under the passenger seat. A jury found Tindall guilty of unlawfully possessing the revolver. At sentencing, the court found that Tindall had two prior convictions for crimes of violence, and thus applied a base offense level of 24 under the advisory guidelines, in accordance with USSG § 2K2.1(a)(2).

II.

Tindall first contends that the government presented insufficient evidence to convict him of knowingly possessing the firearm, because there was no proof that he knew the gun was under the seat. We view the evidence and all reasonable inferences therefrom in the light most favorable to the verdict, and we will reverse only if no

reasonable jury could have found Tindall guilty. *United States v. Walker*, 393 F.3d 842, 846 (8th Cir. 2005).

To sustain a conviction under section 922(g)(1), the government must prove that Tindall knowingly possessed the firearm. The government concedes that Tindall was not in actual possession of the firearm at the time of his arrest, but contends that he constructively possessed the handgun. Constructive possession is established "if the person has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself." *Walker*, 393 F.3d at 847 (internal quotations omitted). Knowledge may be established by direct or circumstantial evidence. *United States v. Hardesty*, 645 F.2d 612, 614 (8th Cir. 1981); *see also United States v. Johnson*, 18 F.3d 641, 647 (8th Cir. 1994).

In the present case, the gun was located underneath the passenger seat in an area accessible from the driver's seat. (T. Tr. at 43). Tindall was the driver and sole occupant of the car at the time of the incident, and the car had been registered to Tindall and his wife for more than two years prior to the arrest. (*Id*. at 52, 54). This was sufficient evidence under our precedents to establish that Tindall constructively possessed the gun found in his car. *See United States v. Hiebert*, 30 F.3d 1005, 1008-09 (8th Cir. 1994) (affirming felon-in-possession conviction because defendant constructively possessed a rifle found in the vehicle he was driving); *United States v. Woodall*, 938 F.2d 834, 838 (8th Cir. 1991) (finding sufficient evidence of constructive possession where a firearm was located in a car hauler parked outside defendant's hotel room, defendant had listed the car hauler on his hotel registration card, and the license plate for the vehicle was issued to defendant).

Tindall argues that because the car was not in his exclusive control following the "citizen's arrest," the gun could have been planted in the car by a third party. It was for the jury, however, to determine whether this possibility created a reasonable doubt about Tindall's guilt. There was sufficient evidence to support a conclusion by

the jury that the firearm was not placed in the vehicle during the aftermath of the hit-and-run incident. Freeman, who drove Tindall's car back to the scene of the accident, testified that he did not put the gun in the car, (T. Tr. at 57), and that he stayed in the parking lot outside the car until more police officers arrived. (*Id*. at 64). Officer Jenkins testified that upon his arrival at the scene, he "wanted to keep everybody away" from Tindall's car and that once he "got there and knew that that was a suspect vehicle, no one entered the vehicle except for [him]." (Tr. at 39, 45). Although Tindall was free to present his "planted gun" theory as a defense, the jury was not required to believe it, and a reasonable juror could infer from the evidence that Tindall knowingly possessed the gun.

### III.

With respect to his sentence, Tindall argues that the district court did not have the authority to determine whether to credit his time served in jail on a state conviction against his federal sentence pursuant to 18 U.S.C. § 3585(b). Tindall also contends that if the district court properly exercised such authority, the court gave insufficient credit for time served, because it applied an incorrect starting date for his time in state custody. This latter argument is based on the court's overruling of Tindall's objection to the presentence report, which stated that Tindall began his time in state custody on August 11, 2004. Tindall asserts that he began to serve the state sentence on April 21, 2004.

Section 3585(b) permits a defendant to receive credit toward a federal sentence for any time spent in official detention, prior to the date the federal sentence commences, if the detention was a "result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." 18 U.S.C. § 3583(b)(2). Tindall is correct that the Attorney General, through the Bureau of Prisons, has the responsibility for computing a sentencing credit under section 3585(b). *United States v. Wilson*, 503 U.S. 329, 334-35 (1992). The district

-4-

court, however, did not purport to compute his sentence; the court simply overruled Tindall's objections to the PSR concerning the date that he began to serve time in state custody. Accordingly, there was no error with respect to section 3585(b).

Even if the date listed in the PSR was wrong, the district court's determination of the date was irrelevant to any material issue resolved at sentencing. The Bureau of Prisons is responsible for computing the sentence credit after the defendant has begun serving his sentence. *Wilson*, 503 U.S. at 335; *see also United States v. Moore*, 978 F.2d 1029, 1031 (8th Cir. 1992). Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241. *Wilson*, 503 U.S. at 335; *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). These are the proper avenues through which Tindall may resolve any dispute about the length of his time in state custody.

Tindall also argues that the district court, by applying USSG § 2K2.1(a)(2), unconstitutionally increased his sentence based on two prior convictions for crimes of violence. He complains that the violent character of the crimes was not proved to a jury beyond a reasonable doubt. Governing precedent, however, permits the district court, consistent with the Sixth Amendment, to make findings concerning the fact and nature of a prior conviction. *See Almendarez-Torres v. United States*, 523 U.S. 224 (1988); *United States v. Marcussen*, 403 F.3d 982, 984 (8th Cir. 2005); *United States v. Smith*, 422 F.3d 715, 723 (8th Cir. 2005). Accordingly, there was no error in the court's imposition of Tindall's sentence.

The judgment of the district court is affirmed.

_____