# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2600

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas |
| Ron Antonio Jones, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 14, 2006
Filed: March 22, 2007

_____

Before WOLLMAN, RILEY, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

The district court[1] found Ron Antonio Jones guilty of being a felon in possession of a firearm and sentenced him to seventy-seven months imprisonment. See 18 U.S.C. § 922(g)(1) (2000). In three issues on appeal, Jones contends that the district court erred by (1) refusing to permit him to withdraw his nolo contendere plea; (2) denying his motion to suppress evidence discovered during a warrantless search of his car; and (3) not crediting him for the thirty months he served in state custody

_____

[1] The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

for violating the conditions of his parole by committing the instant offense. We affirm the judgment of conviction and the sentence.

## I.

On December 18, 2003, Little Rock, Arkansas, police responded to a disturbance call by Marvin Branch, who reported that Jones, his neighbor, had pointed a pistol at him and stated, "It isn't over yet." Branch told police that on the previous day, Jones accused Branch of robbing Jones's trailer, and threatened to "shoot up" Branch's trailer. Branch told officers that Jones drove from the scene in a red Chevrolet Caprice, and described the pistol as silver-colored with a black handle.

Officers located Jones a short distance from the scene of the altercation in a red 1979 Chevrolet Caprice. The officers initiated a traffic stop and, upon learning that Jones was driving on a suspended license, arrested Jones. The police searched Jones and found marijuana in his pocket. In the car, which was registered to Jones, police found a silver semi-automatic pistol with a black handle. The pistol was loaded with eight rounds of ammunition, including one in the chamber.

Jones was charged with being a felon in possession of a firearm, see 18 U.S.C. § 922(g)(1), and was placed in state custody for violating his parole. Jones pled not guilty, and trial was set for October 3, 2005.

On October 3, 2005, immediately before his trial was to begin, Jones changed his plea from not guilty to nolo contendere. Jones stated in open court, "I confronted Mr. Branch about breaking into my trailer, and the police pulled me over, found the pistol in my car, and by me being a felon I was convicted of felon in possession of a firearm." The district court accepted the plea.

In April 2006, Jones moved for appointment of new counsel, his third, which the district court granted with the following admonition, "As defendant was previously represented by competent counsel, and as [newly-appointed counsel] is similarly an experienced criminal defense attorney, the Court will not consider appointing new counsel if defendant is dissatisfied with the advice given by his counsel." On May 12, 2006, Jones, through his new counsel, filed motions to set aside his plea and suppress the search of his vehicle. The district court denied both motions without a hearing.

At the sentencing hearing, the district court applied the offense level as determined by the presentence report, to which Jones did not object, and sentenced Jones to the minimum advisory guideline sentence of seventy-seven months imprisonment. After the district court imposed sentence, Jones asked for a credit of thirty months to reflect the period he served in state custody for violating the conditions of his parole by committing the instant offense. The district court refused.

## II.

Jones contends that, but for first counsel's failure to move to suppress evidence discovered during a search of his car on the basis of an invalid arrest, he would not have entered the plea. Therefore, Jones contends, his counsel was ineffective and the district court abused its discretion by denying his motion to withdraw his plea.

A district court may allow a defendant to withdraw a nolo contendere plea after the court accepts the plea, but before it imposes sentence, if the defendant can show a fair and just reason for requesting the withdrawal. See Fed. R. Crim. P. 11(d)(2)(B). As with a guilty plea, a defendant has no absolute right to withdraw a plea of nolo contendere before sentencing. See United States v. Smith, 422 F.3d 715, 724 (8th Cir. 2005) (holding that "a defendant has no absolute right to withdraw a guilty plea before sentencing") (quoting United States v. Prior, 107 F.3d 654, 657 (8th Cir. 1997)); see

also Lott v. United States, 367 U.S. 421, 426 (1961) (holding that a nolo contendere plea "is tantamount to 'an admission of guilt for all purposes of the case'") (quoting Hudson v. United States, 272 U.S. 451, 455 (1926)); Jacobsen v. United States, 260 F.2d 122, 123 (8th Cir. 1958) (holding that a nolo contendere plea is legally equivalent to a plea of guilty). We review the district court's denial of a motion to withdraw a plea for an abuse of discretion. United States v. Ramirez-Hernandez, 449 F.3d 824, 826 (8th Cir. 2006).

Additional factors to be considered by the court with respect to a motion to withdraw a plea are whether the defendant asserts his innocence of the charge, the length of time between the plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion. See Smith, 422 F.3d at 723. If the defendant fails to establish a fair and just reason for withdrawing the plea, the trial court need not address the remaining considerations. See United States v. Wicker, 80 F.3d 263, 266 (8th Cir. 1996).

"Defense counsel's performance can serve as the requisite 'fair and just reason' for withdrawal only if [appellant] demonstrates both that his attorney's performance was deficient and that he was prejudiced by it." United States v. McMullen, 86 F.3d 135, 137 (8th Cir. 1996). "That is, he must prove 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Because the district court adequately developed the record on this issue, an evidentiary hearing was not required. See id.

The district court did not abuse its discretion in determining that Jones's first counsel's performance did not satisfy the fair and just reason requirement. In seeking to withdraw his nolo contendere plea, Jones failed to demonstrate how the search violated his Fourth Amendment rights. According to the government's rendition of the facts at the plea hearing, which Jones admitted and did not object to, see United

States v. Pemberton, 405 F.3d 656, 660 (8th Cir. 2005) (holding that defendant is bound by his admissions at a plea hearing), officers determined that Jones was driving with a suspended license. The police then arrested Jones, the driver and sole occupant of the vehicle, and searched him and his vehicle pursuant to that arrest. If an officer determines that a person is driving on a suspended license, then the officer has probable cause to arrest. United States v. Marion, 238 F.3d 965, 967 (8th Cir. 2001). A full search of an arrestee and the area within an arrestee's immediate control for both weapons and evidence may be made during a search incident to arrest. See United States v. Hrasky, 453 F.3d 1099, 1100-01 (8th Cir. 2006). To demonstrate a fair and just reason for withdrawal of a plea, appellant must do more than desire to contest the search; he must demonstrate that his position has merit. See United States v. Unger, 949 F.2d 231, 235 (8th Cir. 1991).

In addition to the fact that Jones has not demonstrated that first defense counsel's performance satisfied the fair and just reason requirement, we note that Jones admitted his guilt at the plea hearing, and he does not now assert his innocence or claim that his statements to the court were untrue. See Smith, 422 F.3d at 723 (listing factors for a district court to consider in determining whether to allow a pre-sentence motion to withdraw a plea). Further, Jones brought his motion to withdraw more than seven months after his plea. See id. We have previously noted, in dicta, that a five month delay is a reason not to grant such a motion. See Prior, 107 F.3d at 658.

In a second and related claim, Jones contends that the district court erred by denying his motion to suppress evidence discovered during a warrantless search of his car. Specifically, Jones contends that the police searched him subsequent to an arrest made without probable cause. However, as discussed above, the district court adequately considered this claim in connection with its review of Jones's motion to withdraw his nolo contendere plea. Further, a plea of nolo contendere is an admission of guilt that waives all nonjurisdictional defects and defenses. United States v. Wray,

608 F.2d 722, 724 (8th Cir. 1979). Since his plea remains undisturbed, Jones has waived any claim that the search was constitutionally suspect. <u>See</u> <u>id.</u>; <u>see also</u> <u>Smith</u>, 422 F.3d at 724.

In his third issue, Jones contends that the district court erred by not crediting Jones for the thirty months he served in state custody for violating the conditions of his parole by committing the instant offense. We disagree.

The Attorney General, through the Bureau of Prisons, has the responsibility for computing a sentencing credit. <u>See</u> 18 U.S.C. § 3585(b)(2) (2000); <u>United States v. Wilson</u>, 503 U.S. 329, 334-35 (1992); <u>United States v. Tindall</u>, 455 F.3d 885, 888 (8th Cir. 2006). In the instant case, the district court correctly determined that jail credit would be calculated and executed by the Bureau of Prisons. Accordingly, the district court did not err. We further note that the issue is not properly before this court because Jones did not object to the form of the sentence below. <u>See</u> <u>United States v. Harrison</u>, 393 F.3d 805, 807-08 (8th Cir. 2005); <u>see also</u> <u>Tindall</u>, 455 F.3d at 887-88.

III.

Accordingly, we affirm the judgment of conviction and the sentence.

_____