# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2580

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Wayne Michael Fisher, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 28, 2008
Filed:  December 2, 2008

_____

Before WOLLMAN, SMITH, GRUENDER, Circuit Judges.

_____

PER CURIAM.

A jury found Wayne Michael Fisher guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and the district court[1] sentenced him to 120 months in prison and 3 years of supervised release.  On appeal, Fisher's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence and the denial of Fisher's request for a lower sentence.  For the reasons that follow, we affirm.

_____

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

Fisher's conviction is supported by the testimony of police officers that a gun was found protruding from beneath the driver's seat of the car Fisher was driving when he was stopped for a traffic violation, the testimony of a passenger that the gun belonged to Fisher, and the parties' stipulations about Fisher's status as a convicted felon and the gun's travel in interstate commerce. See United States v. Montano, 506 F.3d 1128, 1133 (8th Cir. 2007) (this court does not review questions involving credibility of witnesses; jury is free to believe testimony of any witness in its entirety); United States v. Walker, 393 F.3d 842, 846-47 (8th Cir. 2005) (to convict defendant under § 922(g)(1), government had to prove he had previously been convicted of crime punishable by prison term exceeding one year, and defendant knowingly possessed firearm which had been in or affected interstate commerce); cf. United States v. Tindall, 455 F.3d 885, 887 (8th Cir. 2006) (evidence sufficient where gun was found under passenger seat and defendant was driver and sole occupant of vehicle).

As for Fisher's sentence, because nothing in the record indicates that the district court was unaware of its authority to depart, or that the court's refusal to do so was based upon an unconstitutional motive, the denial of Fisher's motion for a downward departure based on his overstated criminal history is unreviewable. See United States v. Morell, 429 F.3d 1161, 1164 (8th Cir. 2005); United States v. Frokjer, 415 F.3d 865, 874-75 (8th Cir. 2005). We also conclude that Fisher's sentence is not unreasonable. See United States v. Hernandez, 518 F.3d 613, 616-17 (8th Cir. 2008).

We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), and have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____