# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3464

_____

United States of America

*Plaintiff - Appellee*

v.

Marquez Lanell Lawhorn, also known as Marzuis L. Wright

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: September 27, 2013
Filed: November 13, 2013

_____

Before WOLLMAN, SMITH, and KELLY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Marquez Lanell Lawhorn pleaded guilty to being a felon in possession of a firearm, in violation 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Lawhorn appeals from the district court's[1] denial of his motion to withdraw his guilty plea. We affirm.

_____

[1]The Honorable Fernando J. Gaitan, Chief Judge, United States District Court for the Western District of Missouri, adopting the Report and Recommendation of the

## I. Background

At approximately 11:32 p.m. on June 6, 2011, Columbia, Missouri, police responded to a 911 call about a black male sitting in a red Ford Bronco in a hotel parking lot. The 911 caller stated that the person in the car looked like he wanted to commit a robbery. Two officers arrived at the hotel a short time later and noticed a red Bronco parked nearby. A lone occupant, later identified as Lawhorn, was sitting in the driver's seat. According to the police report, when one of the officers shined his spotlight at the car, Lawhorn looked back at the officers "with his eyes extremely wide" and immediately reached behind the passenger's seat with his right hand. The officers immediately drew their weapons and ordered Lawhorn to put his hands in the air. Lawhorn then exited the car, and as one of the officers handcuffed him, the other officer looked through the car's window and saw a Smith and Wesson FMP-40 handgun lying on the floorboard behind the passenger seat. The officers then placed Lawhorn under arrest.

Attorney Troy Stabenow was appointed to represent Lawhorn. Stabenow told Lawhorn that there was no problem with the search and the way in which Lawhorn had been seized and, according to Lawhorn's testimony at the change of plea hearing, "[we] [n]ever even discussed" the issue of a suppression hearing. Lawhorn eventually pleaded guilty to the weapons charge, stating at his plea hearing that he was "very satisfied" with Stabenow's performance as counsel.

Stabenow withdrew as Lawhorn's counsel prior to sentencing because of a conflict of interest between Lawhorn and another client. Lawhorn's new counsel suggested to Lawhorn that Stabenow should have moved to suppress the handgun. Lawhorn then requested that the district court allow him to withdraw his guilty plea

Honorable Matt J. Whitworth, United States Magistrate Judge for the Western District of Missouri.

on the ground that Stabenow had provided ineffective assistance in failing to make such a motion. The district court adopted the magistrate judge's recommendation that Lawhorn's request be denied.

## II. Discussion

We review the district court's denial of Lawhorn's request to withdraw his guilty plea for abuse of discretion. United States v. Heid, 651 F.3d 850, 854 (8th Cir. 2011). A defendant may withdraw his guilty plea before sentencing if he demonstrates a "fair and just" reason for doing so. Fed. R. Crim P. 11(d)(2)(B). "While the 'fair and just' standard is a liberal one, we are mindful that '[t]he plea of guilty is a solemn act not to be disregarded because of belated misgivings about the wisdom of the same.'" United States v. Murphy, 572 F.3d 563, 568 (8th Cir. 2009) (alteration in original) (quoting United States v. Thompson, 906 F.2d 1292, 1298 (8th Cir. 1990)). Ineffective assistance of counsel can serve as a fair and just reason for withdrawal if the defendant can demonstrate that his counsel's performance was deficient and that this deficiency prejudiced the defendant. United States v. McMullen, 86 F.3d 135, 137 (8th Cir. 1996) (citing Hill v. Lockhart, 474 U.S. 52, 58-59 (1985)). To show deficient performance, a defendant must establish that his counsel's performance fell below objective standards of reasonableness. United States v. Cruz, 643 F.3d 639, 642 (8th Cir. 2011) (citing Strickland v. Washington, 466 U.S. 668, 687-88 (1984)). To show prejudice, a defendant must prove "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." McMullen, 86 F.3d at 137 (quoting Lockhart, 474 U.S. at 59).

The magistrate judge found that Lawhorn effectively waived any right to complain about his counsel's performance because counsel had discussed with him the circumstances surrounding Lawhorn's arrest and seizure of the firearm and Lawhorn had professed satisfaction with his counsel's performance at his plea

hearing. The magistrate judge also found that, even assuming that counsel's performance was deficient, this deficiency did not prejudice Lawhorn because any motion to suppress would have failed. Assuming that Lawhorn did not waive his right to complain of counsel's performance, we hold that Lawhorn has failed to show prejudice because a motion to suppress evidence discovered during the search would have failed.

A police officer may conduct a brief, investigatory stop of an individual if the officer reasonably suspects that the individual is involved in criminal activity. Terry v. Ohio, 392 U.S. 1, 30 (1968). The officer may also conduct a patdown search of the individual if the officer believes the individual is armed and dangerous. Id. Reasonable suspicion must be based on specific, articulable facts. Id. at 21. In determining whether an officer had reasonable suspicion based on specific, articulable facts, we "look at the totality of the circumstances, allowing officers to draw on their experience and training." United States v. Hughes, 517 F.3d 1013, 1016 (8th Cir. 2008) (citing United States v. Arvizu, 534 U.S. 266, 273 (2002)). Lawhorn argues that the officers did not reasonably suspect that he was involved in criminal activity or that he was armed and dangerous when they shined a spotlight at his car and ordered him to put his hands in the air.

Lawhorn argues that the officers acted without reasonable suspicion that he was involved in criminal activity, first by shining a spotlight on his car, and then by ordering him to put his hands in the air. The act of shining a spotlight on a person's car typically does not constitute a seizure for purposes of the Fourth Amendment. See United States v. Mabery, 686 F.3d 591, 597 (8th Cir. 2012). Nothing in the record suggests that the officer's act of shining a spotlight on Lawhorn's car was abnormally intrusive or coercive, especially given the late hour. Because this act did not constitute a seizure, we need not inquire whether the police had reasonable suspicion to believe Lawhorn was involved in criminal activity when they shined a spotlight on his car. Rather, Lawhorn was seized when the officers drew their

weapons and ordered him to put his hands in the air, and so we must determine whether the officers had reasonable suspicion to detain Lawhorn based on the information they possessed at that moment.

Reasonable suspicion does not require "absolute[] certain[ty];" rather, an officer must observe "unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot." Terry, 392 U.S. at 27, 30. We have previously found reasonable suspicion where a cab driver reported to police that his passenger was "agitated, nervous, and possibly armed with a knife" and officers subsequently observed a person matching the driver's description "briskly walk[ing] away" from police. United States v. Horton, 611 F.3d 936, 939 (8th Cir. 2010). Similarly, we have found reasonable suspicion where officers, patrolling an area where robberies had been reported, observed individuals "ducked down" in a parked car and noticed one of the passengers reach under the seat as the officers approached. United States v. Morgan, No. 12-4043, 2013 WL 4798896, at *1, *3 (8th Cir. Sept. 10, 2013).

The officers in this case acted on more substantial information. They were dispatched to the hotel parking lot in response to a call about a potential robbery. Lawhorn complains that the caller gave no specific facts to support the conclusion that Lawhorn intended to commit a robbery, but the caller's paucity of detail did not relieve officers of their duty to investigate. As recounted above, upon arriving at the lot the officers found a car matching the caller's description, shined a spotlight at the car, and observed the car's occupant look back at them wide-eyed and reach quickly into the back seat. Cumulatively, this information led the officers reasonably to suspect that Lawhorn may have been involved in criminal activity.

It was only after the officers approached the vehicle and ordered Lawhorn to put his hands in the air that one of them looked through the window of Lawhorn's car and saw a handgun lying in plain view on the floorboard of the car. Because that

officer had a legal right to be where he was, he did not need reasonable suspicion to look through the window of Lawhorn's car, United States v. Bynum, 508 F.3d 1134, 1137 (8th Cir. 2007), or to seize a weapon that was in plain view from his vantage point. United States v. Muhammad, 604 F.3d 1022, 1027 (8th Cir. 2010) (citing Minnesota v. Dickerson, 508 U.S. 366, 375 (1993)).

Lawhorn attempts to marshal support for his position by citing three cases from outside our circuit, but he cannot cite a single instance of a court finding no reasonable suspicion where, as here, officers responded to an informant's tip and observed someone matching the informant's description acting suspiciously. In United States v. Blair, 524 F.3d 740, 750-51 (6th Cir. 2008), the Sixth Circuit held that an officer did not have reasonable suspicion to stop a car based solely on the car's presence in a high-crime area. In United States v. Roberson, 90 F.3d 75, 80 (3d Cir. 1996), the Third Circuit held that an officer did not have reasonable suspicion to stop a suspect matching a tipster's description when the officer had only observed the suspect speaking to someone in a car and had not "noticed unusual or suspicious conduct on [the defendant's] part." Finally, in United States v. Neff, 681 F.3d 1134, 1135-36, 1142 (10th Cir. 2012), the Tenth Circuit held that the officers did not have reasonable suspicion to stop a car that exited the highway shortly after passing a "Drug Check Ahead" sign because the driver's conduct "conformed to the patterns of everyday travel." In all three of these cases, the officers either (1) had not received an informant's tip, or (2) had not personally observed suspicious activity. By contrast, officers in this case received a tip from a 911 caller about a potential robbery and personally observed someone matching the caller's description reach quickly into the back seat of his car after he noticed the officers. That the caller's identity was unknown does not negate the call's reliability, United States v. McBride, 801 F.2d 1045, 1047 (8th Cir. 1986), and Lawhorn's actions at the scene corroborated the informant's warning.

Because these events provided the officers reasonable suspicion sufficient to make a <u>Terry</u> stop, a motion to suppress would have been fruitless, and thus Lawhorn has no basis to claim that his counsel was ineffective in failing to make such a motion. Lawhorn therefore can supply no fair and just reason for withdrawing his guilty plea. Additionally, we note that Lawhorn does not now profess his innocence, which is a factor the district court may consider in deciding whether to allow the withdrawal of a guilty plea. <u>United States v. Jones</u>, 479 F.3d 975, 977 (8th Cir. 2007).

The judgment is affirmed.

_____