# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-1431
_____

United States of America

*Plaintiff - Appellee*

v.

Dennis DeStefano

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: November 18, 2013
Filed: January 23, 2014
[Unpublished]

_____

Before SHEPHERD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Dennis DeStefano pleaded guilty under a written plea agreement to one count
of conspiracy to possess with intent to distribute oxycodone. In accordance with the

agreement, the District Court[1] dismissed two remaining counts of possession with intent to distribute oxycodone. The court sentenced DeStefano at the bottom of the United States Sentencing Guidelines range to 100 months in prison, to be followed by 3 years of supervised release. DeStefano appeals, and we affirm.

Initially, although a timely filed notice of appeal in a criminal case is not jurisdictional, see United States v. Watson, 623 F.3d 542, 545–46 (8th Cir. 2010), we address the government's contention, made in its brief, that this appeal should be dismissed as untimely. Judgment was filed November 26, 2012; the notice of appeal is postmarked December 11, 2012; and the notice was filed December 12, 2012. After briefing in this appeal was completed, DeStefano filed a declaration under Rule 4(c)(1) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1746. Under penalty of perjury, he attests that he signed his notice of appeal and deposited it in the internal mail system of the institution where he was incarcerated (which did not have a system designed for legal mail) with first-class postage paid on December 9, 2012. We therefore conclude that the notice of appeal was timely filed. See United States v. Murphy, 578 F.3d 719, 720 (8th Cir.), cert. denied, 558 U.S. 1060 (2009).

For his first issue on appeal, DeStefano argues that the District Court abused its discretion when it declined his request to withdraw his guilty plea. See United States v. Lawhorn, 735 F.3d 817, 819 (8th Cir. 2013) (standard of review). Under Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, a defendant may withdraw a guilty plea if he "can show a fair and just reason for requesting the withdrawal." The burden is on the defendant to make that showing. United States v. Norvell, 729 F.3d 788, 792 (8th Cir. 2013).

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

At DeStefano's sentencing hearing, he told the court that he was not satisfied with his counsel and that he wanted to withdraw his guilty plea. He said that counsel had recommended that DeStefano agree to a proffer in hopes that the government would file a motion for a departure from the Guidelines sentencing range for his substantial assistance. See U.S. Sentencing Guidelines Manual § 5K1.1. After two proffer sessions, the government declined to move for a departure. As the prosecutor explained at the sentencing hearing, DeStefano's statements could not "be reconciled with other people's statements." Tr. of Sent. Proc. at 6. DeStefano now argues that counsel, relying on his fourteen years of success with defendant proffers resulting in substantial-assistance motions, failed to advise DeStefano of the risk that the government could decline to so move. DeStefano says that he would not have pleaded guilty had he known he would not receive consideration for his proffer and that counsel's ineffective assistance in this regard constituted a fair and just reason to withdraw his plea. Because the record as to counsel's effectiveness during plea proceedings was fully developed during the sentencing hearing and the District Court actually ruled that counsel was not ineffective, we will consider DeStefano's argument. See United States v. Washburn, 728 F.3d 775, 785 (8th Cir. 2013) (noting that claims of ineffective assistance of counsel are normally deferred to 28 U.S.C. § 2255 proceedings unless, inter alia, the record was fully developed in the district court).

Ineffective assistance of counsel in plea proceedings may be a fair and just reason for withdrawal of a guilty plea. Lawhorn, 735 F.3d at 820. As is true for ineffective-assistance claims in other contexts, the defendant must show deficient performance by counsel—"below objective standards of reasonableness"—and prejudice—a reasonable probability that the defendant would have opted to go to trial but for counsel's deficient performance. Id.

Counsel stated at the sentencing hearing that he did recommend that DeStefano enter into a proffer agreement with the government based on his "extensive review of

the evidence" and his past successful experience with proffers resulting in substantial-assistance motions. Tr. of Sent. Proc. at 4. But he further said that it "was made known" to DeStefano that the decision whether to file a § 5K1.1 motion for a departure would be made in the sole discretion of the government. Id. at 5. It is undisputed that the addendum to DeStefano's plea agreement (his proffer agreement with the government) stated in no uncertain terms that the government alone would determine whether DeStefano provided substantial assistance. In these circumstances, we conclude that DeStefano has not shown that counsel's performance was deficient. The District Court did not abuse its discretion in denying DeStefano's request to withdraw his guilty plea on the basis of ineffective assistance of counsel.

DeStefano also argues that the government breached the plea agreement and that he should therefore be allowed to withdraw his plea. We review de novo issues regarding enforcement of a plea agreement. United States v. Baker, 674 F.3d 1066, 1068 (8th Cir.), cert. denied, 133 S. Ct. 268 (2012).

DeStefano claims that he "was led to believe . . . that the government would at least request a reduction" and that the government's failure to do so "amounts to fraud." Br. of Appellant at 12. He asserts throughout his brief that he had a long proffer session with the prosecutor who never indicated that "anything he said was misleading or incorrect" until months later, after he had pleaded guilty. Id. at 9. But as we explained above, DeStefano entered into an agreement that clearly gave the government sole and absolute discretion to determine whether he provided substantial assistance. The government concluded that he did not, and barring "an unconstitutional motive" for that decision or an "irrational determination" regarding that decision—and DeStefano offers none here—he cannot succeed on his claim that the government breached the plea agreement by declining to file a § 5K1.1 motion. United States v. Fields, 512 F.3d 1009, 1011 (8th Cir. 2008).

-4-

In addition to arguing that counsel was ineffective in the plea proceedings, DeStefano contends that counsel was ineffective at sentencing. Ineffective-assistance claims are normally deferred to 28 U.S.C. § 2255 proceedings unless the record was fully developed in the district court, failure to act would result in a plain miscarriage of justice, or the claimed error is readily apparent. Washburn, 728 F.3d at 785. DeStefano argues that the record was sufficiently developed because he "raised his claim and his attorney responded," citing that portion of the sentencing transcript concerning the request to withdraw the plea based on ineffective assistance. Br. of Appellant at 13. There was no record developed, however, on his claims that counsel was ineffective later on at sentencing for failing to give the court character-reference letters and his resume and for not making the court aware of his church activities. We decline to consider this ineffective-assistance claim on direct appeal.

Finally, DeStefano argues that the District Court improperly relied on allegations the government made at the change-of-plea hearing and the sentencing hearing that he "involved a large number of people in this conspiracy, including his own daughter and his wife." Tr. of Sent. Proc. at 15; see also Tr. of Change of Plea Proc. at 14 ("Codefendants have also stated that [DeStefano] would periodically leave oxycodone tablets with his wife . . . for distribution."). When sentencing DeStefano, the court noted that DeStefano "involved his wife and his daughter in" a conspiracy to distribute oxycodone, which the District Court found "particularly heinous." Id. at 18. DeStefano claims that the court's consideration of these allegations violated his Fifth Amendment due-process rights and his Sixth Amendment right to confront the witnesses against him.

DeStefano did not object to the government's statement or to the court's consideration of it, so we review for plain error. See United States v. Schlosser, 558 F.3d 736, 739 (8th Cir. 2009). To prevail on this claim, DeStefano must show error, that is plain, that affects his substantial rights, and that "seriously affects the fairness,

integrity, or public reputation of judicial proceedings." Id. at 740 (citations to quoted cases omitted).

"[T]he confrontation clause does not apply in sentencing proceedings," provided that "the out-of-court information relative to the circumstances of the crime bears an indicia of reliability." United States v. Wallace, 408 F.3d 1046, 1048 (8th Cir.) (per curiam), cert. denied, 546 U.S. 1069 (2005). The question of reliability depends on the facts of the case and is committed to the discretion of the sentencing court. United States v. Grandon, 714 F.3d 1093, 1097 (8th Cir. 2013).

The District Court judge knew that both DeStefano's wife and his daughter were indicted as co-conspirators on the same charge of conspiracy to possess with intent to distribute oxycodone. He was in fact the judge assigned to the cases of all DeStefano's co-defendants, including DeStefano's wife and daughter. DeStefano admitted that he recruited people he knew to distribute oxycodone. While he did not specifically admit to recruiting his wife and daughter at either the change-of-plea hearing[2] or the sentencing hearing, his admission was not required in order for the District Court to rely on that information because, we conclude, it had sufficient indicia of reliability. And the District Court did not use the information to increase the Guidelines range but only to determine a sentence within that range. See Wallace, 408 F.3d at 1048 (concluding that the district court did not err in using out-of-court statements that had sufficient indicia of reliability to enhance defendant's offense level); cf. Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013) (holding that facts used to increase the statutory minimum sentence must be found by a jury and noting its prior holding that facts used to increase the statutory maximum must be found by

_____

[2]At the change-of-plea hearing, counsel did advise the court that DeStefano took issue with the government's statement that co-defendants had said that DeStefano "would give pills to his wife for distribution." Tr. of Change of Plea Proc. at 14. The record on that allegation was not further developed, however, because it was not an element of the offense to which DeStefano was pleading guilty.

a jury).  Moreover, DeStefano was sentenced to a presumptively reasonable sentence at the low end of the Guidelines range.  <u>See</u> <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007).  There is no plain error.

We affirm the judgment of the District Court in all respects.

_____