**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4421**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

CORTEZ L. BAREFIELD, a/k/a PC,

                Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, District Judge. (2:06-cr-00055-2)

Submitted: November 17, 2017                Decided: December 8, 2017

Before NIEMEYER, SHEDD, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John R. McGhee, Jr., KAY CASTO & CHANEY PLLC, Charleston, West Virginia, for Appellant. Carol A. Casto, United States Attorney, John J. Frail, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cortez L. Barefield appeals from his 60-month sentence entered pursuant to the revocation of his supervised release. On appeal, Barefield contends that his sentence was plainly procedurally and substantively unreasonable. Barefield assigns procedural error to the district court's failure to provide sufficient reasoning for the imposition of the statutory maximum, within-policy-statement sentence. Further, Barefield argues that the sentence is substantively unreasonable because the district court did not properly consider that his original sentence was longer than it might have been if he were sentenced anew. In addition, Barefield contends that the court relied too heavily on his involvement with heroin even though the state heroin charges against him were dismissed.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). We first consider whether the sentence imposed is procedurally and substantively reasonable, applying the same general considerations utilized in its evaluation of original criminal sentences. *Id.* at 438. In this initial inquiry, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). Only if we find the sentence unreasonable will [we] consider whether it is "plainly so." *Id.* at 657 (internal quotation marks omitted).

2

A supervised release revocation sentence is procedurally reasonable if the district court considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors applicable in revocation proceedings. *Crudup*, 461 F.3d at 439. The district court also must provide a statement of reasons for the sentence imposed, but that explanation "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010).

In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual (USSG) ch. 7, pt. A(3)(b) (2016). According to 18 U.S.C. § 3583(e) (2012), which governs supervised release revocation proceedings, the court also must consider some of the factors enumerated under § 3553(a), though not the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). *See* 18 U.S.C. § 3583(e); *Crudup*, 461 F.3d at 439. We have recognized, however, that the § 3553(a)(2)(A) factors "are intertwined with the factors courts are expressly authorized to consider under § 3583(e)." *Webb*, 738 F.3d at 641-42 (collecting cases recognizing this enmeshment of the disfavored and the authorized factors). Thus, although the district court may not base a revocation sentence "predominately" on the § 3553(a)(2)(A) factors, "mere reference to such considerations does not render a revocation sentence

3

procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Id.* at 642.

In announcing the selected sentence, the district court did not explicitly address several arguments outlined by Barefield in his sentencing memorandum. However, we conclude that the district court did not commit reversible procedural error in failing to directly reference Barefield's arguments because, while not frivolous, these were relatively weak arguments when balanced against the district court's explanation for the sentence imposed. Specifically, the district court concluded that Barefield demonstrated a repeated and serious inability to conform his behavior to the law. *See United States v. Boulware*, 604 F.3d 832, 839-40 (4th Cir. 2010) (finding harmless error when court did not explain its rejection of weak arguments in light of strong indications that district court considered Defendant's claims).

Moreover, as the district court noted, Barefield had many of the same mitigating circumstances proffered for a lower sentence when he was initially sentenced and, not only did he fail to reform upon release to supervised release, but he failed quickly and repeatedly. Thus, the identified sentencing factors weighed heavily against Barefield: the demonstrable need to protect the public from future crimes by Barefield, to deter Barefield from his continuing propensity to traffic drugs, and the need for Barefield to receive psychological testing. *See* 18 U.S.C. § 3553(a)(2)(B)-(D). It is also plain from the record that the court imposed the maximum sentence because Barefield's commission of new crimes amounted to significant breaches of the court's trust. *See* USSG ch. 7, pt. A(3)(b).

In addition, while Barefield avers that the court erred by placing weight on a heroin charge that was dismissed, Barefield admitted to a violation of supervised release involving his trafficking of heroin and testified that he was part of the heroin problem in his community. Further, the court discussed the heroin charge in the context of pointing out that, even though Barefield was well aware of the dangers of heroin in the community, he continued his involvement, demonstrating his inability to behave lawfully. Accordingly, we conclude that the court's explanation was sufficient to support Barefield's within-policy-statement sentence and demonstrated that the court considered the relevant sentencing factors.

Next, Barefield challenges the substantive reasonableness of the sentence, arguing that the court failed to give his prior sentence consideration and accorded too much weight to Barefield's involvement in a heroin offense. A revocation sentence is substantively reasonable if the district court "sufficiently state[s] a proper basis" for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. Because Barefield's repeated and serious failures to obey the law and respect the requirements of supervised release are a proper basis for the sentence imposed, the sentence was substantively reasonable.

As such, we affirm Barefield's sentence.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

[*] Barefield also argues that the district court should have credited his sentence with the time served in state custody on the charges which provided the basis for the revocation. The Bureau of Prisons (BOP), as the delegate of the United States Attorney General, is responsible for computing federal sentences. *See United States v. Wilson*, 503 U.S. 329, 334-37 (1992). The computation requires a determination about when the sentence commenced and whether credit is awardable for time already spent in custody. *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006). A federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served. *See Schleining v. Thoma*s, 642 F.3d 1242, 1249 (9th Cir. 2011) (stating that "federal sentence does not begin under 18 U.S.C. § 3585 until [defendant] has been sentenced in federal court"); *accord Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006).

In addition, the BOP, not the sentencing court, makes credit determinations. *Wilson*, 503 U.S. at 332–34; *United States v. Tindall*, 455 F.3d 885, 887-88 (8th Cir. 2006). In fact, the district court lacks authority to order the BOP to credit a sentence. *See Wilson*, 503 U.S. at 334; *see also United States v. Hornick*, 815 F.2d 1156, 1160 (7th Cir. 1987) (judge's direction to BOP is merely an advisory opinion). Accordingly, the court lacked authority to provide the relief requested.