# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 19-3008

———————————————

United States of America

*Plaintiff - Appellee*

v.

Billy Ray Aguilar, Jr.

*Defendant - Appellant*

————————

Appeal from United States District Court
for the District of Nebraska - Lincoln

————————

Submitted: May 15, 2020
Filed: July 6, 2020
[Unpublished]

————————

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.

————————

PER CURIAM.

Billy Ray Aguilar, Jr., entered a conditional guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Aguilar appeals from the denial of his motion to suppress evidence, arguing that the district court[1] erred in

_____

[1]The Honorable John M. Gerrard, Chief Judge, United States District Court for the District of Nebraska, adopting the Report and Recommendation of the Honorable

concluding that Officer Loren Crouch had reasonable suspicion to conduct a pat-down search of his person. Reviewing *de novo*, we affirm. See United States v. Hanlon, 401 F.3d 926, 928 (8th Cir. 2005).

Aguilar contends that the facts known to Officer Crouch at the time of the pat-down search did not amount to reasonable suspicion to justify the search. A police officer may conduct a pat-down search to determine whether a person is carrying a weapon if the officer has a reasonable suspicion "that criminal activity may be afoot and that the person[] with whom he is dealing may be armed and presently dangerous." Terry v. Ohio, 392 U.S. 1, 30 (1968). To establish that a pat-down search was supported by reasonable suspicion, the police officer need not be "absolutely certain," but "must be able to point to specific and articulable facts." Id. at 27, 21. "In determining whether an officer had reasonable suspicion based on specific, articulable facts, we 'look at the totality of the circumstances, allowing officers to draw on their experience and training.'" United States v. Lawhorn, 735 F.3d 817, 820 (8th Cir. 2013) (quoting United States v. Hughes, 517 F.3d 1013, 1016 (8th Cir. 2008)).

We conclude that the totality of the circumstances justified Crouch's pat-down search of Aguilar. Crouch testified that he had responded to a call reporting that a window of a vehicle may have been shot out, with two vehicles in the area possibly being involved. When he arrived in the area, he discovered two vehicles that matched the caller's description, activated his emergency lights, and pulled in behind the vehicles. One vehicle left, and Crouch approached the remaining vehicle, which was being driven and solely occupied by Aguilar. See United States v. Cotton, 782 F.3d 392, 396 (8th Cir. 2015) (holding that "evasive behavior of [an] apparent companion" can contribute to reasonable suspicion of criminal activity). In response to Crouch's statement that he had been called to investigate a possible shooting, Aguilar responded that he "didn't shoot nobody's windows out." Crouch testified that he had

Cheryl R. Zwart, United States Magistrate Judge for the District of Nebraska.

-2-

found the response "odd," because he had asked about Aguilar's having been a "possible victim" of the shooting. Upon learning Aguilar's identity, Crouch recalled having in 2014 heard his shift-mates talking about Aguilar's having been investigated about, convicted of, and imprisoned on a felony charge, matters that Crouch had discussed with his training officer. Crouch also recalled that Aguilar's prior conviction may have arisen from a shooting, that he had been released from prison some six months earlier, and that he had been previously investigated on several assault reports. In response to the magistrate judge's suppression hearing question about the date of his awareness of Aguilar's history of multiple assaults, Crouch replied, "I was aware from my past experience." Based upon that knowledge, Crouch decided to frisk Aguilar. Upon patting him down, Crouch found a firearm on Aguilar's waistband and thereafter searched his car. The district court found Crouch's testimony credible, a finding that we have no reason to disturb on appeal. See United States v. Cervantes, 929 F.3d 535, 539 (8th Cir. 2019) ("[F]indings regarding the credibility of witnesses are virtually unreviewable on appeal." (quoting United States v. Santana, 150 F.3d 860, 864 (8th Cir. 1998))). In light of the facts that the vehicles matched those described in the dispatch, that one of the vehicles left the scene, that Aguilar had provided a suspicion-raising response, and that Crouch had reason to believe that Aguilar had possessed weapons in the past, the district court did not err in concluding that he had reasonable suspicion to conduct a pat-down search.

The judgment is affirmed.

_____

-3-