# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2159
_____

United States of America

*Plaintiff - Appellee*

v.

Hussein Kadhim Abood Khalaf

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: January 8, 2024
Filed: February 26, 2024
[Unpublished]
_____

Before BENTON, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Hussein Kadhim Abood Khalaf first entered the United States on an F-1 student visa in 2013. In 2022, he pled guilty to one count of blackmail, in violation of 18 U.S.C. § 873. Just a few days after his plea hearing, Khalaf wrote to the district

court[1] asking to withdraw his plea and to have new counsel appointed. His letter was later formalized into a motion to withdraw guilty plea by newly appointed counsel. At the sentencing hearing, the district court denied Khalaf's motion to withdraw his plea and sentenced him to time served with a period of one-year supervised release to follow. Khalaf now appeals, challenging the district court's denial of his motion to withdraw his guilty plea. We affirm.

We review a district court's denial of a defendant's request to withdraw a guilty plea for abuse of discretion. United States v. Lawhorn, 735 F.3d 817, 819 (8th Cir. 2013). Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw his guilty plea before sentencing if he "can show a fair and just reason." On appeal, Khalaf presents an ineffective assistance of counsel claim as a fair and just reason for withdrawal.

Ineffective assistance can be a fair and just reason for withdrawal if Khalaf can demonstrate that his prior counsel's performance was deficient, and that this deficiency prejudiced him. United States v. McMullen, 86 F.3d 135, 137 (8th Cir. 1996). To show deficient performance, Khalaf must establish that counsel's performance fell below objective standards of reasonableness. United States v. Cruz, 643 F.3d 639, 642 (8th Cir. 2011) (citing Strickland v. Washington, 466 U.S. 668, 687–88 (1984)). To show prejudice, Khalaf must prove there was a reasonable probability that, but for his counsel's errors, "he would not have pleaded guilty and would have insisted on going to trial." Lawhorn, 735 F.3d at 820 (quoting McMullen, 68 F.3d at 137).

Khalaf has failed to show prejudice stemming from his prior counsel's representation because he has not asserted that he would not have pled guilty if he had received different advice. Khalaf identifies two aspects of his prior counsel's representation that he takes issue with: his prior counsel's analysis of his

---

[1]The Honorable Henry Edward Autrey, United States District Judge for the Eastern District of Missouri.

immigration status and his prior counsel's decision to not request copies of digital evidence. First, Khalaf, on his own, raised concerns about the potential consequence his criminal case could have on his immigration status before his counsel made any statement on the topic to the court. Further, the plea agreement disclosed that Khalaf's conviction could impact his immigration status or result in deportation. In addition, during Khalaf's change of plea hearing, the government noted that Khalaf's immigration status may be affected by his agreement to plead guilty.

Second, while Khalaf contends that his prior counsel failed to properly request and review digital forensic evidence, he has failed to explain how this evidence would have influenced his decision to accept the plea. Because Khalaf has not shown there was a reasonable probability that he would not have pled guilty if he had received different advice, Khalaf has failed to provide a fair and just reason in support of his motion to withdraw.

For the foregoing reasons, the district court did not abuse its discretion when denying Khalaf's motion to withdraw his guilty plea. We affirm.

————————————————